# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40413
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 14, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAIME DUENAS-RODRIGUEZ, also known as Jose Salais, also known as
Jaime Rodriguez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:13-CR-1383

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jaime Duenas-Rodriguez appeals the 100-month sentence imposed following his guilty-plea conviction for illegal reentry. The sentence represented an upward variance from the applicable guidelines range. On appeal, Duenas-Rodriguez complains that his sentence is substantively unreasonable because the district court gave undue weight to the need for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40413

deterrence.  He maintains that such a lengthy sentence was unwarranted for his "stupid" decision to return to the United States, given that the district court conceded at sentencing that Duenas-Rodriguez likely had not returned to commit another murder and that he now understands that he is unable to return.

We review sentences for substantive reasonableness, in light of the 18 U.S.C. § 3553(a) factors, under an abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 49-51 (2007).  The record confirms that the district court listened to counsel's arguments and made an individualized assessment based on numerous factors, including Duenas-Rodriguez's personal history and characteristics; the nature of his current and prior offenses; and the need for the sentence to promote respect of the law, provide just punishment, promote deterrence, and protect the public.  *See id.*; § 3553(a)(1), (2).  Duenas-Rodriguez has not shown that the court's focus on deterrence and the resulting decision to sentence him above the advisory guidelines range failed to take into account "a factor that should have received significant weight," gave weight "to an irrelevant or improper factor," or represented "a clear error of judgment in balancing the sentencing factors."  *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

As for the increase to 100 months from the 57-month top of the guidelines range, this court has upheld variances and departures greater than the increase to Duenas-Rodriguez's sentence.  *See United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008); *United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006).  Duenas-Rodriguez has failed to show that the district court's justification for the imposed sentence was insufficiently compelling.  *See Smith*, 440 F.3d at 707.  Consequently, the judgment of the district court is AFFIRMED.